[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 21-12898

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

BYRON WALKER,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida
D.C. Docket No. 1:93-cr-00123-DMM-4

_____

Before Newsom, Luck, and Lagoa, Circuit Judges.

PER CURIAM:

Byron Walker, a federal prisoner proceeding *pro se*, appeals the denial of his motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A), as amended by Section 603(b) of the First Step Act.[1] He argues that the district court abused its discretion because (1) it didn't sufficiently consider his medical reasons—including that he had contracted COVID-19 while suffering from high blood pressure and being advanced in age, (2) it failed to consider his claim of innocence, and (3) it only considered one 18 U.S.C. § 3553(a) factor.

We review a district court's denial of a prisoner's § 3582(c)(1)(A) motion for abuse of discretion. *United States v. Harris*, 989 F.3d 908, 911–12 (11th Cir. 2021). Abuse of discretion review "means that the district court had a range of choice" and that we "cannot reverse just because we might have come to a different conclusion." *Id.* at 912 (quotation marks omitted). A district court abuses its discretion if it applies an incorrect legal standard, follows improper procedures in making the determination, or makes clearly erroneous factual findings. *Id.* at 911.

A district court has no inherent authority to modify a defendant's sentence and may do so "only when authorized by a

---

[1] Pub. L. No. 115-391, 132 Stat. 5194, 5239 (Dec. 21, 2018) ("First Step Act").

21-12898              Opinion of the Court                    3

statute or rule." *United States v. Puentes*, 803 F.3d 597, 605–06 (11th Cir. 2015). A district court may grant a prisoner's motion for compassionate release, "after considering the factors set forth in [18 U.S.C. § 3553(a)] to the extent that they are applicable, if it finds that . . . extraordinary and compelling reasons warrant such a reduction . . . and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A).

In the context of compassionate release, the statute provides that:

> [T]he court, upon motion of the Director of the [BOP], or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the [BOP] to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment . . . *after considering the factors set forth in [18 U.S.C.] section 3553(a) to the extent that they are applicable*, if it finds that—*extraordinary and compelling reasons* warrant such a reduction.

*Id.* § 3582(c)(1)(A)(i) (emphasis added).

Thus, we have held that a district court may reduce a term of imprisonment, under § 3582(c)(1)(A), "if (1) the § 3553(a) sentencing factors favor doing so, (2) there are extraordinary and compelling reasons for doing so, and . . . (3) doing so wouldn't endanger

any person or the community within the meaning of § 1B1.13's policy statement." *United States v. Tinker*, 14 F.4th 1234, 1237 (11th Cir. 2021) (per curiam) (quotation marks omitted) (citing 18 U.S.C. § 3582(c)(1)(A) and U.S.S.G. § 1B1.13).  The district court may consider these factors in any order, and the absence of any of the three forecloses a sentence reduction.  *See id.* at 1237–38.

The policy statements applicable to § 3582(c)(1)(A) are found in § 1B1.13.  U.S.S.G. § 1B1.13.  The commentary to § 1B1.13 states that extraordinary and compelling reasons exist under any of the circumstances listed, provided that the court determines that the defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g), and that the reduction is consistent with the policy statement.  *See id.* § 1B1.13 & cmt. n.1.  For example, commentary to § 1B1.13 lists a defendant's medical condition—to the extent it reflects a terminal illness or a serious condition substantially diminishing his ability to provide self-care within the environment of a correctional facility and from which he is not expected to recover—age, and family circumstances as possible "extraordinary and compelling reasons" warranting a sentence reduction.  *Id.* § 1B1.13 cmt. n.1(A)–(C).  The commentary also contains a catch-all provision for "other reasons," which provides that a prisoner may be eligible for a sentence reduction if "[a]s determined by the Director of the [BOP], there exists in the defendant's case an extraordinary and compelling reason other than, or in combination with," the other specific examples listed.  *Id.* § 1B1.13 cmt. n.1(D).

We have held that, following the enactment of the First Step Act, § 1B1.13 continued to constrain a district court's ability to evaluate whether extraordinary and compelling reasons were present, and that "Application Note 1(D) [did] not grant discretion to courts to develop 'other reasons' that might justify a reduction in a defendant's sentence." *United States v. Bryant*, 996 F.3d 1243, 1248 (11th Cir.), *cert. denied*, 142 S. Ct. 583 (2021).  We have held that a district court does not abuse its discretion by denying compassionate release to an inmate with medical conditions that may increase the risk of death or severe medical complications from COVID-19 where the inmate's conditions do not fall within the policy statement's stated medical conditions.  *See United States v. Giron*, 15 F.4th 1343, 1346 (11th Cir. 2021) (holding there was no abuse of discretion where the district court found no extraordinary and compelling reasons because the inmate's "high cholesterol, high blood pressure, and coronary artery disease were manageable in prison, despite the existence of the COVID-19 pandemic").

In addition to determining whether a movant has offered extraordinary and compelling reasons and whether a reduction or release would be consistent with the policy statement in § 1B1.13, a district court must also consider "all applicable" 18 U.S.C. § 3553(a) factors when it grants or denies a motion for compassionate release.  *United States v. Cook*, 998 F.3d 1180, 1184 (11th Cir. 2021). A district court need not articulate its findings and reasonings in great detail, but, when we consider a § 3582(c)(1)(A)(i) motion, we "cannot engage in meaningful appellate review and must vacate

and remand" if the record does not reflect that the district court considered the applicable factors. *Id.* at 1185 (quotation marks omitted). The court need not address each factor or all of the mitigating evidence, and we may affirm a sentence if the district court considered "a number of" the factors, such as the nature and circumstances of the offense and the defendant's history of recidivism. *Tinker*, 14 F.4th at 1240–41 (quotation marks omitted).

Under § 3553(a), a district court's sentence must be sufficient, but not greater than necessary, to achieve the goals of sentencing: reflecting the seriousness of the offense, promoting respect for the law, providing just punishment, deterring future criminal conduct, protecting the public, and providing the defendant with any needed training or treatment. 18 U.S.C. § 3553(a). The § 3553(a) factors also include the nature and circumstances of the offense, the defendant's history and characteristics, the kinds of sentences available, the Sentencing Guidelines, any pertinent policy statement, the need to avoid disparate sentences, and the need to provide restitution to any victims. *Id.*

Here, we conclude that the district court did not abuse its discretion in denying Walker's motion for a sentence reduction under 18 U.S.C. § 3582(c)(1)(A). First, the district court considered his medical reasons for release, and his medical records supported a finding that his medical issues were being managed while incarcerated and that he would recover from his COVID-19 infection. Second, the court considered the applicable 18 U.S.C. § 3553(a) factors—which supported its decision to deny Walker's motion for

21-12898                Opinion of the Court                7

compassionate release. Finally, innocence does not appear in § 1B1.13's list of reasons, and, therefore, falls outside the district court's review of his motion for compassionate release. Accordingly, we affirm.

**AFFIRMED.**